<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID GASKINS, | : | Civil No. 08-4522 (FSH) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| ROBERT E. UNTIG, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    DAVID GASKINS, #9987, <u>Pro Se</u>
    Sussex County Correctional Facility
    41 High Street
    Newton, New Jersey 07860

<u>**HOCHBERG, District Judge**</u>

    Plaintiff David Gaskins, a prisoner incarcerated at Sussex County Correctional Facility, seeks to file a Complaint alleging violation of his constitutional rights, pursuant to 42 U.S.C. § 1983. Based on Plaintiff's affidavit and prison account statement, this Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915. As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

## <u>I.  BACKGROUND</u>

    Plaintiff sues the Sussex County Sheriff and three undersheriffs involved in the operation of the jail for violation of his constitutional rights under 42 U.S.C. § 1983. He asserts the

following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff alleges that he has been confined in the Sussex County Correctional Facility since June 12, 2008, to the present.  He asserts that on approximately June 30, 2008, he submitted a written request to defendants for certain law books, but the books did not arrive at the jail until August 12, 2008.  Plaintiff contends that defendants violated his constitutional rights by failing to have the books he requested in the law library as soon as he arrived at the jail on June 12, 2008.  Plaintiff seeks the following relief:

> I would like for you to send someone here to check my file as I made all requests, and to see that all books are here, and why we as prisoners have no access to the westlaw computers?

(Compl. ¶ 7.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the

relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.
>
> *                    *                    *
>
> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted); see also Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) ("To survive a motion to dismiss, a plaintiff must allege facts that raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).") (citations and internal quotation marks omitted).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A.  Access to Courts

Plaintiff asserts that Defendants violated his rights under the First Amendment, applicable to states through the Fourteenth Amendment, by failing to provide access to certain law books for two months.  The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. Const. amend. I.  Although "prisoners do not forfeit all constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limit these retained constitutional rights."  Bell v. Wolfish, 441 U.S. 520, 545, 546 (1979); see also Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

The Supreme Court held in Bounds v. Smith, 430 U.S. 817, 828 (1977), "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  However, in Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court held that a prisoner lacks standing to pursue an access to courts claim unless he shows that the alleged interference of prison officials, or shortcomings in the library or legal assistance program, "hindered his efforts to pursue a legal claim."  Lewis, 518 U.S. at 352.  To establish standing for an access to courts claim, prisoners must assert "(1) that they suffered an 'actual injury' - that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit."  Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S.

5

403, 415 (2002)). Moreover, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Monroe at 205-206 (quoting Christopher at 416-17).

For example, in Monroe, the United States Court of Appeals for the Third Circuit affirmed dismissal of inmates' access to courts claims for failure to state a claim:

> In this case, the defendants confiscated all of the plaintiffs' . . . legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes. In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under Harbury. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for pro se litigants, they do not sufficiently allege that they have suffered actual injury.

Monroe, 536 F. 3d at 206 (citations and footnote omitted).

The Complaint before this Court suffers the same pleading deficiencies as the complaints in Monroe. Accordingly, this Court will dismiss the First Amendment access to courts claim for failure to state a claim upon which relief may be granted. See Gibson v. Superintendent of N.J. Dep't of Law & Public Safety-Div. of State Police, 411 F. 3d 427, 444-45 (3d Cir. 2005) (dismissing denial of access claim for failure to specify causes of action lost); Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997) (dismissing prisoner's claim that corrections officers opened his outgoing legal mail because the prisoner suffered no actual injury as a result of the alleged interference with his outgoing legal mail, where his papers arrived at the court, which adjudicated

6

his claim).  However, because Plaintiff may be able to correct these pleading deficiencies by filing an amended complaint, the dismissal will be without prejudice to the filing of an amended complaint within 30 days.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 108 (3d Cir. 2002).

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint within 30 days.


                                       s/ Faith S. Hochberg  
                                       **FAITH S. HOCHBERG, U.S.D.J.**


Dated: November 10, 2008